IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BILLY J. WILLIS                                                                PLAINTIFF

                v.                            Civil No. 04-5268

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                DEFENDANT

**O R D E R**

       Plaintiff Billy J. Willis appealed the Commissioner's denial of benefits to this court. On March 11, 2005, judgment was entered reversing the decision of the defendant and remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff now moves for an award of $4,062.22 in fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA), representing 28.05 hours of service at $144.00 per hour and $23.02 in costs. Plaintiff's counsel sought $144.00 an hour based on an increase in the cost of living and attached a copy of the Consumer Price Index. The defendant filed a response stating she does not object to the hourly rate but does object to the number of hours claimed as excessive.

       Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the

Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour" *Id*. at F.2d 503. Plaintiff's counsel attached a copy of the Consumer Price Index as proof of an increase in the cost of living. Defendant did not object to the hourly rate. Therefore, counsel's argument for enhanced fees based on a cost of living increase has merit and we find plaintiff's attorney entitled to an enhanced fee of $144.00 an hour based upon a rise in the cost of living.

In her response, defendant argues that the 28.05 hours claimed by plaintiff's attorney should be reduced by 1.35 hours. Specifically, defendant argues plaintiff's attorney should not be compensated for 1.35 hours spent prior to the filing of the complaint. We agree, and hereby deduct 1.35 hours claimed by plaintiff's counsel. *See Cornella v. Schweiker*, 788 F.2d 978, 988-89 (8th Cir. 1984).

CONCLUSION

Based on the above, plaintiff's counsel is hereby awarded an attorney's fee under EAJA of $3,867.82, representing 26.70 hours of service at $144.00 per hour and $23.02 in costs. This amount should be paid in addition to, and not out of, plaintiff's past-due benefits.

IT IS SO ORDERED this 9th day of September 2005.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE